UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VINCENT J. ADOLPH,<br><br>           Plaintiff,<br><br>     v.<br><br>OZZIE KNEZOVICH and JERRY BRADY,<br><br>           Defendants. | NO. CV-08-368-EFS<br><br>**ORDER DISMISSING ACTION** |

    Before the Court is *pro se* Plaintiff Vincent J. Adolph's First Amended Complaint, which alleges constitutional violations under 42 U.S.C. § 1983. (Ct. Rec. 12.) Under the Prisoner Litigation Reform Act of 1995, the Court is required to screen prisoner complaints seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Claims that are legally frivolous or malicious, claims that fail to state a claim upon which relief may be granted, and claims that seek monetary relief from a defendant who is immune from such relief are properly dismissed. *Id.* §§ 1915A(b)(1), (2) & 1915(e)(2). After review, the Court finds Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted - dismissal is proper.

ORDER * 1

**1.    Injunctive Relief**

Plaintiff's First Amended Complaint seeks injunctive relief for his allegedly unconstitutional living conditions at the Spokane County Jail. Because Plaintiff is currently incarcerated at McNeil Island Corrections Center and cannot show that he will be re-incarcerated at the Spokane County Jail, injunctive relief is improper. *Diley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986); *Nielsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990).

**2.    Confinement Conditions**

Plaintiff's First Amended Complaint is riddled with conclusory allegations regarding "dirty living conditions," "inadequate heating and cooling," and "unsanitary eating areas."  While detailed factual allegations are not necessary to survive screening, factual allegations must be enough to raise a right of relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.

Plaintiff also asserts that he was confined in lockdown for 23 hours five days a week, leaving only five (5) hours total for exercise. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined  are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). That said, conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).   Regarding confinement length, the Ninth Circuit has previously ruled that five (5) hours of exercise during the weekdays is

ORDER * 2

a sufficient and does not violate the Eighth Amendment. *Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979). Moreover, since Plaintiff alleges he was confined for 226 days at the Spokane County Jail, this presumably includes weekends when no lockdown was in effect. In sum, these claims lack merit.

**3. First Amendment Claim**

Plaintiff alleges that he was denied Native American religious programming because he was not allowed to be "led by a tribal elder." He also asserts that he was denied a Native American religious diet of salmon, roots, and berries while confined in the Spokane County Jail. Plaintiff's requests were denied due to a lack of jail staff. Assuming that Plaintiff's beliefs are sincerely held and rooted in religious belief, *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008), Spokane County Jail's failure to afford him access to a tribal elder and a diet of salmon, roots, and berries is reasonably related to legitimate penological interests - that is, effective allocation of the jail's finite resources. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Turner v. Safley*, 482 U.S. 78, 89-90 (1987). The Court construes Plaintiff's allegation to be that the jail was obligated to furnish him with a tribal elder, not that a tribal elder sought to visit Plaintiff at the jail on a particular date, and that such visitation was denied. It would also be impractical to expect the jail to have a ready and available supply of salmon, roots, and berries to accommodate the dietary needs of the presumably limited number of Native American inmates in the jail who seek to strictly adhere to such a diet.

ORDER * 3

**4. Failure to Respond to Grievances**

Plaintiff again alleges that jail officials do not respond to his grievances. The Court previously informed Plaintiff that a jail's failure to respond to grievances does not amount to a constitutional violation. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

**5. Claim Restrictions**

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three(3) or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915 because this dismissal may count as one of the three (3) dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's First Amended Complaint (Ct. Rec. 13) is **DISMISSED** with prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to:

1. enter this Order;
2. forward a copy to Plaintiff at his last known address;
3. enter judgment of dismissal with prejudice;
4. close the file; and
5. forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

\\

ORDER * 4

1     **IT IS SO ORDERED.** The District Court Executive is directed to enter
2 this Order and forward a copy to Plaintiff.
3     **DATED** this ___30th___ day of March 2009.
4
5                           s/Edward F. Shea
                             EDWARD F. SHEA
6                       United States District Judge

Q:\Civil\2008\368.DA.Dismiss.wpd

ORDER \* 5